J-S52044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW SCOTT HAAK | : | |
| | : | |
| Appellant | : | No. 510 MDA 2017 |

Appeal from the PCRA Order February 27, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0004879-2011

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED AUGUST 08, 2017**

Appellant, Matthew Scott Haak, appeals *pro se* from the order entered in the Berks County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  Appellant entered a negotiated guilty plea on April 17, 2012, to one count of sexual abuse of children and three counts of involuntary deviate sexual intercourse ("IDSI"), arising from his behavior toward three minors in 2010.  Appellant was 35-36 years old in 2010.  On October 12, 2012, the court found Appellant qualified as a sexually violent predator ("SVP") and sentenced him to an aggregate term of 8 to 20 years' incarceration, plus 10 years' probation.  Appellant did not seek further review, so the judgment of sentence became final on November 12, 2012.

Appellant filed the current *pro se* PCRA petition on March 24, 2016,

under the prisoner mailbox rule. The PCRA court appointed counsel, who filed a no-merit letter, per ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (1988) on July 11, 2016, and a petition to withdraw as counsel. The court permitted PCRA counsel to withdraw on July 14, 2016. The court issued Rule 907 notice on October 25, 2016, and dismissed Appellant's petition on February 27, 2017. On March 22, 2017, Appellant timely filed a *pro se* notice of appeal and a voluntary Rule 1925(b) statement.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." ***Commonwealth***

***v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). Under the Section 9545(b)(1)(iii) exception, the 60-day rule runs from the filing date of the cited decision. ***Commonwealth v. Secreti***, 134 A.3d 77, 80 (Pa.Super. 2016).

Instantly, Appellant's judgment of sentence became final on November 12, 2012, when the time to file a direct appeal expired. ***See*** Pa.R.A.P. 903. Appellant filed the current petition on March 24, 2016, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing three United States Supreme Court decisions: ***Alleyne v. U.S.***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory life without possibility of parole ("LWOP") sentences for juvenile offenders); and ***Montgomery v. Louisiana*** ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016) (holding ***Miller*** applies retroactively to cases on collateral review). ***Alleyne*** was decided on June 17, 2013. Appellant filed his petition well beyond 60 days after the ***Alleyne*** decision. ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***Secreti, supra***. Further, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that ***Alleyne*** or its progeny apply retroactively on collateral review. ***See Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding that even if ***Alleyne*** announced new constitutional right,

neither our Supreme Court nor United States Supreme Court has held that *Alleyne* applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). *See also Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016) (holding *Alleyne* does not apply retroactively on collateral review to challenge sentences which became final before *Alleyne* was decided). So, Appellant cannot assert *Alleyne* as an exception to the PCRA timeliness requirements. Additionally, the court sentenced Appellant to 8-20 years' incarceration, plus 10 years' probation, which is not a mandatory LWOP sentence. Appellant also was not a juvenile at the time of the offenses; he was 35-36 years old. Consequently, he cannot assert *Montgomery/Miller* as an exception to the PCRA timeliness requirements. Thus, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. *See Turner, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017

- 4 -